IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EARNEST REESE, # 157837, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11cv955-TMH |
| ) | (WO) |
| KENNETH JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

This cause is before the court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by state inmate Earnest Reese ("Reese"). Reese challenges the guilty-plea convictions for cocaine trafficking and second-degree receiving stolen property entered against him by the Circuit Court of Russell County, Alabama, on October 29, 2010. On that same date, the trial court sentenced Reese, as a habitual felony offender, to life in prison for cocaine trafficking and to 15 years in prison for second-degree receiving stolen property. The sentences were ordered to run concurrently. Reese did not take a direct appeal.

On May 24, 2011, Reese, proceeding *pro se*, filed a petition for relief from conviction or sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. In his Rule 32 petition, Reese presented claims that (1) his trial counsel rendered ineffective assistance of counsel, (2) the trial court was without jurisdiction to accept his guilty plea to cocaine

trafficking because the evidence did not support the allegations in the indictment, and (3) his guilty plea was involuntary. *See* Exhibit G - Doc. No 8-7 at 10-13.[1] On June 27, 2011, the trial court denied Reese's Rule 32 petition, finding that Reese's substantive claims were procedurally barred because they could have been, but were not, raised on direct appeal (*see* Ala.R.Crim.P. 32.2(a)(5)) and that Reese had failed to allege sufficient facts to demonstrate that his trial counsel rendered ineffective assistance of counsel. Exhibit H - Doc. No 8-8.

On July 7, 2011, Reese filed a notice of appeal to the Alabama Court of Criminal Appeals, seeking review of the trial court's denial of his Rule 32 petition. Exhibit I - Doc. No. 8-9. On July 13, 2011, the Alabama Court of Criminal Appeals issued an order advising Reese that, pursuant to Rule 35A(b) of the Alabama Rules of Appellate Procedure, he was required to pay the appellate court's $200 docket fee or provide proof within 14 days that he had been granted leave by the trial court to pursue an appeal *in forma pauperis* or had a pending motion seeking such status. Exhibit J - Doc. No. 8-10. The court's order further advised Reese that his failure to comply with its directives within the allotted time would result in his appeal being dismissed with prejudice. *Id*.

Reese did not comply with the appellate court's order, and on August 8, 2011, the Alabama Court of Criminal Appeals entered an order dismissing his appeal with prejudice. Exhibit K - Doc. No. 8-11. The order of dismissal specifically found that more than 14 days

---

[1] All references to exhibits are to Respondents' Exhibits included with Respondent's Answer (Doc. No. 8) or Respondents' Supplemental Answer (Doc. No. 24). References to document numbers are to those assigned by the Clerk to pleadings docketed in this action. Page references are to those assigned by CM/ECF.

had passed since the court's July 13, 2011, order concerning the appellate docketing fee had been issued to Reese, and that Reese had failed to comply with the order and had failed to show cause for his noncompliance. *Id*. The Alabama Court of Criminal Appeals issued a certificate of judgment on August 8, 2011.

On or about October 25, 2011, Reese initiated this 28 U.S.C. § 2254 action by filing a petition for writ of habeas corpus in which he essentially reasserts the claims he presented to the state trial court in his Rule 32 petition. Doc. No. 1 at 5-15. In addition, Reese contends that he is actually innocent of the cocaine-trafficking charge to which he pled guilty. *See* Doc. No. 13.

On January 16, 2013, while Reese's § 2254 petition was pending in this court, the Alabama Court of Criminal Appeals recalled the certificate of judgment it had issued on August 8, 2011. *See* Exhibit 1 - Doc. No. 24-1. On February 20, 2013, Reese paid the appellate court's $200 docket fee. *Id*. The Alabama Court of Criminal Appeals then restored Reese's appeal to its active docket and directed that the record on appeal (from the denial of Reese's Rule 32 petition) be certified and filed by the Circuit Court of Russell County. *Id*. Reese's appeal from the trial court's denial of his Rule 32 petition is now pending in the Alabama Court of Criminal Appeals.

## II. DISCUSSION

A petition for a writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has

exhausted the remedies available in the courts of the [convicting] State[.]" 28 U.S.C. § 2254(b)(1)(A). *See, e.g., Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Because Reese's appeal from the trial court's denial of his Rule 32 petition is pending in the Alabama Court of Criminal Appeals, he has not fully exhausted his claims in the Alabama courts pursuant to the State's established appellate review process. Under the circumstances, this court does not deem it appropriate to rule on the merits of Reese's claims[2] without first requiring that he exhaust his claims via available state court remedies. *See* 28 U.S.C. § 2254(b)(2). A federal petition for habeas corpus relief containing unexhausted claims should usually be dismissed without prejudice to allow the petitioner the opportunity to exhaust the claims through available state remedies. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Consequently, this court concludes that Reese's § 2254 petition for a writ of habeas corpus should be dismissed without prejudice so that Reese can pursue and exhaust his

---

[2] As noted, Reece's § 2254 petition essentially reasserts the claims he presented in his Rule 32 petition.

available state court remedies.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE to afford Reese an opportunity to exhaust all state court remedies available to him.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 20, 2013.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 6th day of March, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE